IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TERESA M. SANGSTER**                                                                        **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 1:22-cv-63-JMV**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                        **DEFENDANT**

## ORDER

This matter is before the Court on a complaint filed pursuant to 42 U.S.C. § 405(g), seeking judicial review of the February 23, 2021, final administrative decision of the Defendant, Acting Commissioner of Social Security, finding that Plaintiff did not qualify as disabled, and therefore, was not entitled to disability insurance benefits from her alleged disability onset date of July 29, 2018, through the expiration of her Title II date last insured of December 31, 2019. For the reasons below, the Court will affirm the decision of the Commissioner.

### I. ISSUES

Plaintiff raises the following specific issues for review: (1) Did the ALJ fail to consider and incorporate use of a cane in Plaintiff's RFC; (2) Did the ALJ properly make a determination that Plaintiff's obesity was not a severe impairment; and (3) was the 2021 ALJ decision an improper "rerun" of the vacated 2019 ALJ decision? *See* Pl.'s Br. at 6-13.

### II. STATEMENT OF THE CASE

On August 27, 2018, Plaintiff protectively filed her application for DIB, alleging disability commencing on July 29, 2018, due to "upper and lower back problems (Tr. 274-277). After the agency denied her application, and after an administrative hearing on November 5, 2019, an ALJ issued a decision on December 9, 2019, finding that she was not disabled from July 29, 2018,

through December 9, 2019 (Tr. 182-190). On August 18, 2020, the Appeals Council vacated that decision for a new ALJ decision finding that the 2019 ALJ decision had a step 4 error regarding whether Plaintiff's past relevant work was properly determined (Tr. 196-199). An additional administrative hearing was held on February 9, 2021 (Tr. 95-132), and on February 23, 2021, the ALJ issued his final decision finding Plaintiff not disabled from July 29, 2018, through December 31, 2019 (Tr. 17-26).

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 29, 2018 (Tr. 19). At step two, the ALJ determined Plaintiff's degenerative disc disease of the cervical and lumbar spine constituted severe impairments, but that her right shoulder problems, hypertension, obesity, stomach issues, right ankle and right knee problems did not qualify as severe (Tr. 20-21). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment for presumptive disability (Tr. 21-22). Next, the ALJ determined that during the relevant period of July 29, 2018, through December 31, 2019, Plaintiff retained the RFC to perform:

> light work as defined in 20 CFR § 404.1567(b) consisting of lifting or carrying up to 20 pounds occasionally and 10 pounds frequently; standing and/or walking for up to 6 hours in an 8-hour workday; and sitting for up to 6 hours in an 8-hour workday. The claimant can frequently balance and occasionally stoop, crouch, kneel, crawl, or climb ramps or stairs, but only rarely climb ropes, ladders or scaffolds

(Tr. 22-25).

At step four, through the date last insured, and relying on vocational expert testimony, the ALJ found that Plaintiff could perform her past relevant work as an emergency room admitting clerk and trailer salesperson, a composite job (Tr. 25-26). Accordingly, the ALJ determined Plaintiff was not disabled for purposes of the Act, and therefore, she was not entitled to receive

DIB during the relevant period of July 29, 2018, through December 31, 2019 (Tr. 26). On June 22, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's February 23, 2021, decision the final reviewable decision (Tr. 7-13)

### III.     STANDARD OF REVIEW AND BURDEN OF PROOF

It is well settled that the Commissioner's factual findings shall be conclusive if substantial evidence supports them. 42 U.S.C. § 405(g). Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotations omitted). Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). The Court does not re-weigh the evidence nor, in the event of evidentiary conflict or uncertainty, substitute its judgment for the Commissioner's, even if the court believes the evidence weighs against the Commissioner's decision. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018).

### IV.     ARGUMENTS AND FINDINGS

1. Did the ALJ fail to consider and incorporate use of a cane in Plaintiff's RFC?

In support of her claim that she needed a cane, Plaintiff cites to a handicap parking permit; a March 1, 2019, prescription from Dr. Booth; Dr. Booth's medical statement on August 19, 2019, that she needed a cane; and the September 17, 2019, advice to obtain an ankle brace.

For its part, the Commissioner argues Plaintiff fails to show that the evidence supports an additional limitation in the RFC determination during the period of July 29, 2018, through December 31, 2019, related to her alleged need to use a cane to stand and/or walk. In support, the Commissioner asserts first, that the ankle brace and parking permit simply do not show Plaintiff

3

required a cane or any assistive device to stand or ambulate. Secondly, that the March 1, 2019, prescription for a cane is unpersuasive as the Plaintiff's next visit with Dr. Booth on March 16, 2019, shows that under the heading of "Meds Removed," Dr. Booth clearly removed this cane prescription, and that a review of the record thereafter during the relevant period fails to show that Plaintiff appeared at any appointment with a cane or was noted as having problems ambulating such that she should use an assistive device (Tr. 1138-1142, 1143-1146, 1147-1151, 1152, 1157-1158, 1163, 1164, 1168, 1191-1192). In this regard the Commissioner notes that, although beyond the relevant period, OCH Regional Medical Center Emergency Department providers noted on October 30, 2020, and December 16, 2020, that Plaintiff was "ambulatory," with "gait normal" and "ambulating without assistance" and "gait steady," with no mention of any cane or other assistive device usage at these visits (Tr. 1215-1216, 1220-1221, 1224, 1230). In short, the Commissioner argues Plaintiff did not have an active cane prescription and the treatment record refutes her claim that she needed a cane to stand and/or walk. *See* SSR 96-9p, 1996 WL 374185, *7 (to find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for the device to aid in walking or standing, and describing the circumstances in which it is needed); *see also, Stewart v. Colvin*, 2013 WL 1979738, at *5 (N.D. Tex. May 14, 2013) (finding no error when the ALJ failed to incorporate the use of a cane in a claimant's RFC because the record contained no evidence regarding the medical basis for the cane and there was "no physician's report regarding specific medical restrictions requiring [the claimant] to use an assistive device").

Regarding the need for a cane, the court finds no legal harmful error established by Plaintiff. First, as noted by the Commissioner, though the record shows a prescription for a cane, it was withdrawn by the prescriber within two weeks (on March 16, 2019), and Plaintiff is noted

by the physician to deny difficulty walking; require no assistive device and being independent with activities of daily living (Tr. 1112-1114). Further, the record demonstrates, as the Commissioner notes, that Plaintiff did not use a cane to attend any of the numerous trips outside the home. In fact, there is apparently no reference anywhere to Plaintiff reporting to a medical appointment using a cane, nor did the ALJ ignore any purported need for a cane, being that the ALJ noted that Plaintiff testified she uses a cane and that Dr. Booth prescribed one for her. However, the ALJ found Dr. Booth's statement regarding extreme functional limitation unpersuasive because it:

> was not entirely supported by the overall medical records which indicate good response to surgery and treatment. In addition, physical examinations throughout the record do not support this level of significant functional limitation. In fact, Dr. Booth's own most recent physical examination of the claimant on October 26, 2019, showed only that the claimant had some tenderness in the lumbar spine, but she had normal range of motion of her neck, no musculoskeletal deformity and no deficit in reflex or sensation.

Thus, the Court finds that there has been no showing of harmful error with regard to the need for a cane.

2. Did the ALJ properly make a determination that Plaintiff's obesity was not a severe impairment?

Plaintiff contends that the ALJ erred by not making a determination whether her obesity was severe or not. *See* Pl.'s Br. at 10-11. However, the Commissioner maintains, and the Court finds, that the ALJ's decision clearly shows he considered her obesity at step two and found that it was not a severe impairment (Tr. 20-21).

Further, Plaintiff herself did not claim she was disabled due to obesity, but instead claimed disability due to "upper and lower back problems" (Tr. 309). And here, the ALJ found that her severe impairments were degenerative disc disease of the cervical and lumbar spine. Moreover, as the Commissioner argues, even assuming the ALJ erred by finding she had non-severe obesity, such error was harmless as the ALJ proceeded past step two, properly considering all of Plaintiff's

5

impairments, both severe and non-severe, at subsequent steps (Tr. 20-26). *See Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 (5th Cir. 2010) (citing *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987)).

> 3. Was the 2021 ALJ decision a "rerun" of the vacated 2019 ALJ decision and is this reversible error?

The record establishes that the 2019 decision was vacated and that the 2021 decision alone is before this Court. Considering that the relevant period ended on December 31, 2019, and the vacated December 9, 2019, decision considered evidence up to that date, the current 2021 ALJ decision only needed to consider approximately three more weeks' worth of relevant evidence (i.e., the time period under review was essentially identical in both ALJ decisions). As the Commissioner suggests, the current 2021 ALJ decision would logically contain similarities to the prior vacated decision. Indeed, the undersigned agrees with the Commissioner's argument that since the Appeals Council remand order noted that remand and a new decision was required for consideration of a step four past relevant work issue, such order indicated that the prior ALJ's decision regarding the medical evidence and steps 1 through 3 and the RFC assessment were not erroneous. Therefore, the new 2021 decision on those points would naturally be very comparable (Tr. 198-199). Finally, the 2021 ALJ decision specifically notes the second hearing and Plaintiff's testimony from the same, demonstrating that the 2021 decision was not merely a rubber stamp of the earlier decision (Tr. 23).

### V. CONCLUSION

For the foregoing reasons, the ALJ's February 23, 2021, decision is affirmed.

**THIS**, the 24th day of February, 2023.

/s/ Jane M. Virden
United States Magistrate Judge